RECEIVED

AUG 21 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL A WILLIAMS**<br>**Plaintiff,** | ) **JURY TRIAL DEMANDED**<br>)<br>) |
| **v.** | ) **Case No.**    1:25-cv-10001<br>)    Judge Franklin U. Valderrama |
| **RESURGENT CAPITAL SERVICES L.P. ,**<br>**LVNV FUNDING LLC**<br>**Defendant,** | )    Magistrate Judge Young B. Kim<br>)    RANDOM / Cat. 3<br>)<br>)<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL A WILLIAMS, respectfully alleges the following:

**PRELIMINARY STATEMENT**

The Fair Debt Collection Practices Act (FDCPA) was enacted by Congress to protect

consumers from abusive, deceptive, and unfair debt collection practices.

Recognizing the power imbalance between debt collectors and consumers, Congress

aimed to prevent the significant harm that can arise from misleading or inaccurate

representations regarding the collection of debts. Debt collectors bear a substantial

responsibility in communicating with consumers, ensuring that their conduct is

transparent, truthful, and respectful of the consumer's rights. The FDCPA provides a

comprehensive framework of protections to shield consumers from the risks

associated with deceptive debt collection practices, balancing the need for legitimate

debt collection with consumers' rights to protect their reputations and avoid undue

stress.

Under the FDCPA, specifically 15 U.S.C. § 1692e(8) and 205 ILCS 740/9(a)(22), there is a

clear prohibition against debt collectors communicating or threatening to

communicate to any person credit which is known or which should be known to be

false, including failing to communicate that a disputed debt is disputed. This

provision is essential in preventing the spread of inaccurate or misleading

information that could harm a consumer's credit reputation.

In the context of this litigation, it is alleged that the Defendant violated the FDCPA and

Illinois Collection Agency Act by continuing to report a debt as disputed that the

Plaintiff no longer disputes. *Evans v. Portfolio Recovery Assocs., LLC, 889 F.3d 337

(7th Cir. 2018), Sanchez v. LVNV Funding, L.L.C., 2023 WL 4401621 (N.D. Ga.

May 30, 2023).* Such conduct can cause significant harm to consumers, including

damage to their credit reputation, emotional distress, and other forms of harm. The

FDCPA provides for remedies under 15 U.S.C. § 1692k, including actual damages,

statutory damages, and attorney's fees, to hold debt collectors accountable for

violations.

To prevail, the plaintiff must demonstrate that the defendant communicated false or

misleading information regarding the debt, or failed to communicate that a disputed

debt was disputed, or continued to report a debt as disputed that the Plaintiff no

longer disputes. The defendant must then provide evidence that their communications were accurate and in compliance with the FDCPA. Failing to do so would confirm a violation of the FDCPA, underscoring the importance of maintaining strict adherence to the statute to protect consumer rights and ensure the integrity of debt collection practices.

In filing this lawsuit, the plaintiff claims that the Defendant has failed to uphold the FDCPA by continuing to report information to consumer report that was known to be false pursuant to 15 U.S.C. § 1692e(8) and 205 ILCS 740/9(a)(22). This failure not only contravenes the clear statutory prohibitions of the FDCPA but also undermines the law's primary goal of preventing abusive debt collection practices and protecting consumer rights. The plaintiff seeks to enforce their rights under the FDCPA, hold the Defendant accountable for their unlawful actions, and emphasize the necessity of strict compliance with the statute's provisions as essential for consumer protection and fairness in debt collection.

The Fair Credit Reporting Act (FCRA) was enacted by Congress to ensure accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. Recognizing the critical role that credit reporting plays in consumers' financial lives, Congress aimed to prevent the significant harm that can arise from inaccurate or misleading information in credit reports. Furnishers of information to consumer reporting agencies bear a substantial responsibility in providing accurate data, ensuring that their reporting is transparent, truthful, and

respectful of consumers' rights. The FCRA provides a comprehensive framework of

protections to shield consumers from the risks associated with erroneous credit

reporting, balancing the need for legitimate credit reporting with consumers' rights

to protect their reputations and financial well-being.

Under the FCRA, specifically 15 U.S.C. § 1681s-2(b), there is a clear obligation for

furnishers of information, upon receiving notice of a dispute from a consumer

reporting agency, to conduct a reasonable investigation regarding the disputed

information, review all relevant information provided by the consumer reporting

agency, and report the results of the investigation to all consumer reporting agencies

to which it provided the information. This provision is essential in preventing the

perpetuation of inaccurate or misleading information that could harm a consumer's

credit reputation.

In the context of this litigation, it is alleged that the Defendant violated the FCRA by failing

to properly investigate and correct disputed information after receiving notice from

a consumer reporting agency. Such conduct can cause significant harm to

consumers, including damage to their credit reputation, denial of credit

opportunities, higher interest rates, emotional distress, and other forms of harm. The

FCRA provides for remedies under 15 U.S.C. § 1681n and § 1681o, including actual

damages, statutory damages, punitive damages, and attorney's fees, to hold

furnishers accountable for violations.

To prevail, the plaintiff must demonstrate that the defendant received notice of a dispute from a consumer reporting agency, failed to conduct a reasonable investigation, or failed to correct inaccurate information following such investigation. The defendant must then provide evidence that their investigation was reasonable and in compliance with the FCRA. Failing to do so would confirm a violation of the FCRA, underscoring the importance of maintaining strict adherence to the statute to protect consumer rights and ensure the integrity of credit reporting practices.

In filing this lawsuit, the plaintiff claims that the Defendant has failed to uphold the FCRA by neglecting its responsibilities under 15 U.S.C. § 1681s-2(b) after receiving notice of a dispute. This failure not only contravenes the clear statutory obligations of the FCRA but also undermines the law's primary goal of ensuring accuracy in credit reporting and protecting consumer rights. The plaintiff seeks to enforce their rights under the FCRA, hold the Defendant accountable for their unlawful actions, and emphasize the necessity of strict compliance with the statute's provisions as essential for consumer protection and fairness in credit reporting.

## I.    INTRODUCTION

1.    This is a civil action brought by Plaintiff Michael A Williams an individual consumer (hereinafter Plaintiff), seeking actual, statutory damages, and costs against RESURGENT CAPITAL SERVICES L.P. and  LVNV FUNDING LLC (hereinafter Defendants) for violations of the Fair Debt Collection Protection Act, 15 U.S.C §1692

et seq. (hereinafter "FDCPA"), Illinois Collection Agency Act (hereinafter ICAA) 205

ILCS 740/9(a)(22), and the Fair Credit Reporting Act 15 U.S.C § 1681 et seq

(hereinafter FCRA).

2. All violations by the Defendant were knowing, willful, and intentional and Defendants

did not maintain procedures reasonably adapted to avoid any such violations.

3. Unless otherwise stated, the use of Defendants name in this Complaint includes all

agents, employees, officers, members, managers, directors, heirs, successors, assigns,

principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant's

named.

## II.     JURISDICTION & VENUE

4. The jurisdiction of this court arises under 28 U.S.C § 1331, Fair Debt Collection

Protection Act, 15 U.S.C § 1692 et seq., Illinois Collection Agency Act, Fair Credit

Reporting Act 15 U.S.C § 1681 et seq., and  15 U.S.C § 1692k(d). The venue is proper

pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part

of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this

judicial district, Plaintiff resides here, and Defendants transact business in, Chicago, IL.

5. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C.

§1367.

## III.     PARTIES

6. The Plaintiff, Michael A Williams is a natural person residing in Chicago, IL.

7.   The Plaintiff is a consumer and natural person, as defined by FDCPA 15 U.S.C. §
     1692a(3) and the FCRA 15 U.S.C. § 1681a(b) and (c).

8.   The Plaintiff, Michael A Williams is a natural person under the term "person" defined
     by 205 ILCS 740/2.

9.   The Plaintiff is a "debtor" means a person from whom a collection agency seeks to
     collect a consumer debt that is alleged to be due and owing from such person defined by
     205 ILCS 740/2.

10.  The Defendants have transacted business within this state as is more fully set forth
     hereinafter in this complaint.

11.  The Plaintiff alleged "debt" is defined by 15 U.S.C. § 1692a(5) that has arisen from a
     transaction primarily for personal, family, or household purposes.

12.  The Plaintiff "consumer debt" or "consumer credit" means money or property, or their
     equivalent, alleged to be due or owing from a natural person by reason of a consumer
     credit transaction defined by 205 ILCS 740/2.

13.  Based on available information, the Defendants is incorporated in Delaware. The
     Defendants accepts service of process through its registered agent ILLINOIS
     CORPORATION SERVICE COMPANY 801 Adlai Stevenson Drive Springfield, IL
     62703-4261. RESURGENT CAPITAL SERVICES L.P. principal place of business is 55
     Beattie Place STE 110 Greenville, SC 29601. LVNV FUNDING LLC principal place of
     business is 355 S Main Street, STE 300-D Greenville, SC 29601.

14.     The Defendants are a "debt collector" who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as defined by 15 U.S.C. § 1692a(6).

15.     The Defendants are a "Collection agency" and "Debt buyer" means a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt as defined by 205 ILCS 740/2.

16.     Upon information and belief, the Defendants are "furnishers" pursuant to the FCRA. Defendants are in the regular and ordinary course of business, furnish information regarding consumers' credit transactions or experiences to one or several consumer reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b).

17.     The acts of Defendants as mentioned in this Complaint were performed by Defendants or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

24. On information and belief, the Defendants has knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons on multiple occasions.

25. The Plaintiff's injury is directly linked to the Defendant's actions, by continuing to report a debt as disputed that the Plaintiff no longer disputes, knowingly communicated credit information that was known to be false to consumer reporting agencies and third parties. The Defendant is directly linked to the invasion of the Plaintiff's privacy and the resulting in mental anguish and headaches.

26. Discover will show that there were third parties that false credit information was communicated by the Defendants that the debt is disputed when the Plaintiff told the Defendants that he no longer disputes the debt. The Plaintiff has been pulling his Transunion consumer reports recently and the Defendants has not corrected the false information upon filing this claim.

27. In contradiction to the aforementioned actions of the Defendant, it may assert a defense of a Bona Fide Error, claiming that any alleged violation of the FDCPA, ICAA, and FCRA was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C § 1692k(c). However, the continual nature of Defendant's violations and its persistence in

attempting to collect the alleged debt and continuing to report a debt as disputed that the Plaintiff no longer disputes and has knowingly communicated credit information that was known to be false, strongly suggest a disregard for the FDCPA, ICAA, and FCRA rather than a bona fide error. The Plaintiff pulled his Transunion consumer report again on January 05, 2025, and the Defendants has once again failed to remove the disputed remark and continuing to report a debt as disputed that the Plaintiff no longer disputes and has knowingly communicated credit information that was known to be false.

28. Discovery will reveal the actions of the Defendants, which lacked proper policies and procedures to ensure compliance with the FDCPA, ICAA, and FCRA proving the disregard for the law.

### Regarding the Fair Credit Reporting Act (FCRA)

29. On March 18, 2025, the Plaintiff pulled his Transunion consumer reports (File number: 345292081 and noticed that the accounts were still inaccurate.

30. On or around April 08, 2025, Plaintiff sent a letter certified mail to Transunion stating that he wanted to remove the inaccurate dispute remark from accounts 37936302100**** and 517805759027****.

31. On April 12, 2025, Plaintiff received notification from the U.S. Postal Service that Transunion had received his letter.

32. On May 16, 2025, Plaintiff received the reinvestigation results from Transunion that stated "Verified and Updated" with the dispute remarks still on both accounts

## IV.    FACTUAL ALLEGATIONS

*Regarding the Fair Debt Collection Protections Act (FDCPA) & the ICAA*

18.    On or around January 23, 2023, the Plaintiff disputed with Transunion for the "LVNV FUNDING LLC" accounts 37936302100**** and 517805759027**** (hereinafter "accounts") for the first time via Consumer Financial Protection Bureau and certified mail, which led to a dispute remark for both accounts on the Plaintiff's Transunion consumer report.

19.    On July 04, 2024, the Plaintiff pulled his consumer reports (File Number: 345292081) from Transunion.

20.    In the Transunion consumer report the Plaintiff noticed that Defendants had marked the "LVNV FUNDING LLC" (as shown on the Transunion consumer report) accounts as disputed in the comment section.

21.    On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants stating that he wanted to remove the dispute remark from accounts 37936302100**** and 517805759027****.

22.    On July 25, 2024 Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

23.    On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the

37936302100**** and 517805759027****. The Defendants refuse to remove the inaccurate information from the Plaintiff's consumer report.

33. Upon this information and belief the Defendants failed to conduct a reasonable investigation according to the FCRA after receiving the dispute from the Plaintiff through the consumer reporting agency Transunion.

34. The Defendants should have discovered the inaccurate information either from their own records and/or the Plaintiff's disputes. The Plaintiff repeatedly asked the Defendants to remove the inaccurate information from the accounts being reported on the Transunion, and the Defendants failed to do so.

35. The Defendants disregarded 15 U.S.C § 1681s-2(b) by: a. Failing to conduct a reasonable investigation of Plaintiff's disputes as required by 1681s-2(b)(1)(A) after being notified of Plaintiff's disputes through an e-Oscar system by Transunion; b. Failing to review and consider all relevant information provided by the consumer reporting agencies as required by 1681s-2(b)(1)(B), including letters sent certified mail by Plaintiff with his disputes; c. Failing to report the results of its investigation to the consumer reporting agencies as required by 1681s-2(b)(1)(C), as evidenced by the continued reporting of inaccurate information; d. Failing to report the results of its investigation to all other consumer reporting agencies that had received the inaccurate information as required by 1681s-2(b)(1)(D), and e. Failing to modify, delete, or permanently block the reporting of inaccurate information after determining the

information was inaccurate or could not be verified as required by 1681s-2(b)(1)(E), despite knowing that the Plaintiff repeatedly requested the removal of inaccurate information from the accounts in his TransUnion consumer report.

36. When the Plaintiff sent his dispute letter to Transunion, Transunion processed it using a system known as 'e-Oscar'—an automated platform commonly used by consumer reporting agencies and furnishers, including the Defendants. This system operates through standardized and uniform procedures across the industry.

37. Whenever a consumer reporting agencies receives a consumer dispute, it's generated into an Automated Credit Dispute Verification (ACDV) form.

38. The Defendants have selected to use the ACDV method when it comes to consumer disputed pursuant to 15 U.S.C § 1681i(a).

39. There is no confusion that Transunion did or did not respond to the Plaintiff's dispute, since the Defendants "Verified and Updated" the accounts, which would allege that Transunion sent the Plaintiff's dispute to the Defendants using the ACDV.

40. The Defendants were fully aware of the content of the Plaintiff's dispute upon receiving the ACDV from Transunion.

41. In spite of the above, the Defendants follow a standardized process that is inherently unlawful when handling ACDV disputes. The Plaintiff alleges that, rather than conducting a reasonable reinvestigation, the Defendants merely review their own

internal records and respond through the ACDV system by reasserting the same information they initially reported to the consumer reporting agencies.

42. When the Defendants receive a consumer dispute via the e-Oscar system, they fail to conduct any proper review to assess the accuracy of the information contained in their own records.

43. A reasonable jury could conclude that, had the Defendants conducted a reasonable reinvestigation as required under the FCRA, it would have identified and corrected the inaccurate dispute remark—a relatively simple action that could have prevented further harm to the Plaintiff.

## V. DAMAGES

### *Damages: Fair Debt Collection Protections Act (FDCPA) & the ICAA*

44. The repeated reporting of the Plaintiff's personal credit information of false information communicated to third parties and/or persons by the Defendants, caused headaches, contributing to sleep disturbances and unease. The harm suffered by the Plaintiff is particularized and actual in that the Plaintiff has suffered an invasion of his privacy.

45. The Plaintiff has suffered an injury-in-fact due to the Defendants continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicating credit information. The Plaintiff suffered a real risk of financial harm caused by inaccurate and/or lower credit scores. This information was known to be false and

disseminated to consumer reporting agencies, other creditors, and anyone who runs

background or credit checks.

46.     The Plaintiff has suffered loss of expenses in the cost of postage of sending mail to

defend against the Defendants due to the Defendants continuing to report a debt as

disputed that the Plaintiff no longer disputes and knowingly communciated credit

information that was known to be false to consumer reporting agencies. The harm

suffered by the Plaintiff is particularized and actual.

47.     Due to the stressfulness from the Defendants actions the Plaintiff had to speak with a

Minister about his problem regarding the Defendants actions regarding this claim.

48.     Specifically, on August 28, 2024, upon reviewing their Transunion consumer report, the

Plaintiff experienced a headache after discovering that the Defendants continued to

report a debt as disputed that the Plaintiff no longer disputes and knowingly

communicated credit information that was known to be false to consumer reporting

agencies and third parties. This led the Plaintiff to buy headache relief medicine from

Walgreens out of his own pocket to relieve his headache, that money could have been

saved to pay off a debt.

49.     Plaintiff has suffered actual damages as a result of these illegal collections and

intimidation tactics by the Defendants in the form of personal embarrassment, loss of

personal reputation, loss of productive time, loss of expenses in the cost of postage,

nausea, the feeling of fear, hopelessness, anger, frustration, and emotional stress.

*Damages: Fair Credit Reporting Act (FCRA)*

50.   As a result of the Defendants' failure to conduct a reasonable investigation and correct

the inaccurate information as required under 15 U.S.C. § 1681s-2(b), the Plaintiff's

creditworthiness has been adversely affected due to the continued reporting of

inaccurate information to Transunion.

51.   The Plaintiff's Transunion consumer report was disseminated to third parties and/or

persons by the Defendants, causing headaches, contributing to sleep disturbances and

unease. The harm suffered by the Plaintiff is particularized and actual in that the

Plaintiff has suffered an invasion of his privacy.

52.   The Plaintiff has suffered an injury-in-fact as a result of the Defendants' continued

reporting of a debt as disputed—despite the Plaintiff having withdrawn the

dispute—which constitutes the knowing communication of inaccurate credit

information. In violation of 15 U.S.C. § 1681s-2(b), the Defendants failed to conduct a

reasonable reinvestigation or update the information following notice of the Plaintiff's

dispute. As a result, the Plaintiff faced a substantial and concrete risk of financial harm,

including the adverse impact of inaccurate and/or artificially lowered credit scores. The

inaccurate information was knowingly disseminated to consumer reporting agencies,

potential creditors, and third parties conducting background or credit checks

53.   The Plaintiff has incurred out-of-pocket expenses, including the cost of postage and

related efforts to dispute and correct the Defendants' continued misreporting of a debt

as disputed—despite the Plaintiff having withdrawn the dispute. In doing so, the

Defendants knowingly reported inaccurate information to consumer reporting agencies

and failed to fulfill their obligations under 15 U.S.C. § 1681s-2(b) to conduct a

reasonable investigation and update the information accordingly. The harm suffered by

the Plaintiff is concrete, particularized, and actual.

54. As a result of the emotional distress caused by the Defendants' actions, the Plaintiff

sought counsel from a minister to discuss the issues arising from the Defendants'

conduct in connection with this claim.

55. On May 16, 2025, upon reviewing the reinvestigation results from Transunion, Plaintiff

discovered that Defendants continued to report the subject debt with a "disputed" status

despite Plaintiff having formally notified Transunion in writing that the dispute had

been withdrawn. This conduct constituted a willful violation of 15 U.S.C. § 1681s-2(b)

of the Fair Credit Reporting Act, as Defendants acted with reckless disregard for

Plaintiff's statutory rights and with actual knowledge that continuing to report the

"disputed" notation after receiving written notice of its withdrawal violated the FCRA's

accuracy requirements. Defendants' deliberate indifference to their legal obligations

under the FCRA demonstrates willful noncompliance, as they knowingly furnished

inaccurate information to consumer reporting agencies despite having actual notice of

Plaintiff's dispute. The stress and mental anguish caused by discovering this willful

violation of Plaintiff's rights resulted in a severe headache, requiring Plaintiff to

purchase over-the-counter medication from Walgreens again at a cost of $5.92—an

out-of-pocket expense that could otherwise have been applied toward debt obligations.

56.    The Plaintiff has sustained actual damages as a direct result of the Defendants' unlawful

practices and intimidation tactics. These damages include personal embarrassment,

harm to reputation, lost productive time, out-of-pocket expenses such as postage costs,

as well as physical and emotional distress manifesting as nausea, fear, hopelessness,

anger, frustration, and ongoing emotional stress.

## COUNT I VIOLATION OF THE FDCPA

## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

## 15 U.S.C § 1692e(8)

57.    The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated

within this complaint.

58.    On July 04, 2024, the Plaintiff pulled his consumer reports (File Number: 345292081)

from Transunion.

59.    In the Transunion consumer report the Plaintiff noticed that Defendants has marked the

LVNV FUNDING LLC" accounts (as shown on the Transunion consumer report)

accounts as disputed in the remark section.

60.    On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants

stating that he wanted to remove the dispute remark from the accounts

37936302100**** and 517805759027****.

61. On July 25, 2024, Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

62. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

63. The Defendants has knowingly communicated credit information that was known to be false and/or inaccurate to consumer reporting agencies on multiple occasions to third parties, and persons.

64. The Defendants violated 15 U.S.C. § 1692e(8) when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. The Defendants violated 15 U.S.C. § 1692e(8) when it among other qualifying actions and omissions, willfully communicated credit information which it knew to be false.

## COUNT II VIOLATION OF THE ICAA (Illinois Collection Agency Act)

## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

## 205 ILCS 740/9(a)(22)

66. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

67. On July 04, 2024, the Plaintiff pulled his consumer reports (File Number: 345292081) from Transunion.

68. In the Transunion consumer report the Plaintiff noticed that Defendants has marked the LVNV FUNDING LLC" accounts (as shown on the Transunion consumer report) accounts as disputed in the remark section..

69. On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants stating that he wanted to remove the dispute remark from the accounts 37936302100**** and 517805759027****.

70. On July 25, 2024, Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

71. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

72. The Defendants has knowingly communicated credit information that was known to be false and/or inaccurate to consumer reporting agencies on multiple occasions to third parties, and persons.

73. The Defendants violated 205 ILCS 740/9(a)(22) by Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt.

74. The Defendants violated 205 ILCS 740/9(a)(22) when it among other qualifying actions and omissions, willfully communicated credit information which it knew to be false.

75. The Plaintiff is entitled to any actual damages and violation of 205 ILCS 740/9(a)(22) pursuant to 205 ILCS 740/60.

## COUNT III INVASION OF PRIVACY - INTRUSION UPON SECLUSION

## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

76. The Defendants intruded upon the Plaintiff's privacy by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons.

77. Plaintiff suffered actual damages of invasion of privacy as a result of the Defendant's intrusion.

78. The privacy rights of an Illinois citizens, as protected by both common law and statutory, and it's invasion is unconscionable.

79. At all times pertinent and relevant to the incidents described in this complaint, MICHAEL A WILLIAMS had a right to privacy guaranteed by the Constitution of the State of Illinois and its statutory and common law.

80. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

81. Defendant's intrusion upon Plaintiff's seclusion by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communciated credit information that was known to be false to consumer reporting agencies, third parties, and persons. This is offensive and objectionable to a reasonable person concerning this matter.

82. As a result of the preceding, Defendants have invaded MICHAEL A WILLIAMS'S privacy and caused actual damages by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons.

## COUNT IV VIOLATION OF THE FCRA

### (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

### 15 U.S.C § 1681s-2(b)(1)(A)

83. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

84. The FCRA requires that "After receiving notice of dispute with regard to completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1)(A).

85. It is clear that the Defendants failed to conduct a thorough and reasonable investigation of the Plaintiff's dispute, as required under 15 U.S.C. § 1681s-2(b)(1)(A), after receiving notice of the dispute from Transunion..

86. The Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation into the disputed information.

87. Due to the Defendants' violation of 15 U.S.C. § 1681s-2(b)(1)(A), the Plaintiff has suffered damages, including harm to his credit standing, emotional distress, headaches, and both mental/physical suffering.

88. The Defendants conduct was carried out intentionally, willfully, and with negligent.

89. The Defendants' actions were both a direct and foreseeable cause, as well as a real factor, in bringing about the serious harm, injuries, and damages suffered by the Plaintiff, as detailed more fully above.

90. The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

91.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

## COUNT V  VIOLATION OF THE FCRA

## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

## 15 U.S.C § 1681s-2(b)(1)(B)

92.     The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

93.     Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agency Transunion.

94.     The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(1)(B), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

95.     The Defendants conduct was carried out intentionally, willfully, and with negligent.

96.     The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

97.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

## COUNT VI VIOLATION OF THE FCRA

## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

## 15 U.S.C § 1681s-2(b)(1)(C)

98.     The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

99.     Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agency after dispute.

100.    The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(1)(C), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

101.    The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

102.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

## COUNT VII VIOLATION OF THE FCRA

### (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

### 15 U.S.C § 1681s-2(b)(1)(D)

103.    The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

104.    Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(D) by failing to report accurate information to consumer reporting agencies after dispute, including Transunion and other consumer reporting agencies known or unknown.

105.    The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(1)(D), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

106.    The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

107.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

## COUNT VIII VIOLATION OF THE FCRA

### (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)

### 15 U.S.C § 1681s-2(b)(1)(E)

108.    The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

109.    Section 15 U.S.C. §§ 1681s-2(b)(1)(E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after an reinvestigation, for purpose of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block that item of information.

110.    Defendants failed to properly correct, update, or remove Plaintiff's information after receiving Plaintiff's disputes from TransUnion, in violation of 15 U.S.C. § 1681s-2(b)(1)(E).

111.    Defendants failed to remove the disputed remark from Transuinon, which is materially inaccurate information.

112.    The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(1)(E), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

113.    The Defendants' actions were both a direct and foreseeable cause, as well as a real factor, in bringing about the serious harm, injuries, and damages suffered by the Plaintiff, as detailed more fully above.

114.    The Defendants conduct was carried out intentionally, willfully, and with negligent.

115.     The Defendants willful violation of the FCRA subjects them to punitive damages under

15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover

damages under 15 U.S.C. § 1681o.

116.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual

damages, statutory damages, punitive damages, and as well costs and attorney's fees from

Defendants.

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

Wherefore, Plaintiff Michael A Williams, demands a jury trial and respectfully requests a

judgment in favor of the Plaintiff and against the Defendants on all claims and award

the following relief:

A.  Judgment for violating 15 U.S.C. § 1692e(8) of the FDCPA pursuant to 1692k(a)(2)(A);

B.  Judgment for violation 205 ILCS 740/9(a)(22) of the ICAA pursuant to 205 ILCS

    740/60;

C.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

D.  Actual damages pursuant to 205 ILCS 740/60;

E.  Cost of the action pursuant to 15 U.S.C. § 1692k(a)(3);

F.  Costs of the action pursuant to 205 ILCS 740/60;

G.  Actual and punitive damages for invasion of privacy under Intrusion upon Seclusion;

H.  Statutory, actual, and punitive damages under the Fair Credit Reporting Act (FCRA), 15

    U.S.C. § 1681n for will violations;

I.   Actual damages and costs under 15 U.S.C. § 1681o for negligent violations of the

FCRA;

J.   An order requiring the deletion of inaccurate tradelines reported by Defendants;

K.   Any and all relief that the court deems proper.

Respectfully submitted,

By: _____

Dated: 8-21-25

Michael A Williams
1130 S Canal #1240
Chicago, IL 60607
312- 841-9560
mikewill217@yahoo.com