**UNITED STATES DISTRICT COURT FOR THE
NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

MICHAEL A. WILLIAMS

      Plaintiff,

v.

      Case No. 1:25-CV-10001

LVNV FUNDING LLC, & RESURGENT
CAPITAL SERVICES, LP

      Defendants.

## LVNV FUNDING LLC ANSWER TO PLAINTIFF'S COMPLAINT

LVNV FUNDING LLC ("Defendant"), by and through its attorneys Nabil Foster and Alyssa Johnson with Barron & Newburger, P.C., states the following in responses to Plaintiff's Complaint:

## PRELIMINARY STATEMENT

The Fair Debt Collection Practices Act (FDCPA) was enacted by Congress to protect consumers from abusive. deceptive, and unfair debt collection practices. Recognizing the power imbalance between debt collectors and consumers, Congress aimed to prevent the significant harm that can arise from misleading or inaccurate representations regarding the collection of debts. Debt collectors bear a substantial responsibility in communicating with consumers, ensuring that their conduct is transparent. truthful, and respectful of the consumer's rights. The FDCPA provides a comprehensive framework of protections to shield consumers from the risks associated with deceptive debt collection practices, balancing the need for legitimate debt collection with consumers' rights to protect their reputations and avoid undue stress.

**ANSWER: Defendant denies the allegations of this paragraph.**

1

Under the FDCPA, specifically 15 U.S.C. § 1692e(8) and 205 ILCS 740/9(a)(22). there is a clear prohibition against debt collectors communicating or threatening to communicate to any person credit which is known or which should be known to be false, including failing to communicate that a disputed debt is disputed. This provision is essential in preventing the spread of inaccurate or misleading information that could harm a consumer's credit reputation..

**ANSWER: Defendant denies the allegations of this paragraph.**

In the context of this litigation, it is alleged that the Defendant violated the FDCPA and Illinois Collection Agency Act by continuing to report a debt as disputed that the Plaintiff no longer disputes. *Evans ». Portfolio Recovery Assocs., LLC, 889 F.3d 337 (7th Cir. 2018), Sanchez v. LVNV Funding, L.L.C., 2023 WL 4401621 N.D. Ga. May 30, 2023).* Such conduct can cause significant harm to consumers, including damage to their credit reputation, emotional distress, and other forms of harm. The FDCPA provides for remedies under 15 U.S.C. § 1692k, including actual damages. statutory damages, and attorney's fees, to hold debt collectors accountable for violations.

**ANSWER: Defendant denies the allegations of this paragraph.**

To prevail, the plaintiff must demonstrate that the defendant communicated false or misleading information regarding the debt or failed to communicate that a disputed debt was disputed or continued to report a debt as disputed that the Plaintiff no longer disputes. The defendant must then provide evidence that their communications were accurate and in compliance with the FDCPA. Failing to do so would confirm a violation of the FDCPA, underscoring the importance of maintaining strict adherence to the statute to protect consumer rights and ensure the integrity of debt collection practices.

**ANSWER: Defendant denies the allegations of this paragraph.**

In filing this lawsuit, the plaintiff claims that the Defendant has failed to uphold the FDCPA by continuing to report information to consumer report that was known to be false pursuant to 15 U.S.C. § 1692e(8) and 205 ILCS 740/9(a)(22). This failure not only contravenes the clear statutory prohibitions of the FDCPA but also undermines the law's primary goal of preventing abusive debt collection practices and protecting consumer rights. The plaintiff seeks to enforce their rights under the FDCPA, hold the Defendant accountable for their unlawful actions, and emphasize the necessity of strict compliance with the statute's provisions as essential for consumer protection and fairness in debt collection. The Fair Credit Reporting Act (FCRA) was enacted by Congress to ensure accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. Recognizing the critical role that credit reporting plays in consumers' financial lives, Congress aimed to prevent the significant harm that can arise from inaccurate or misleading information in credit reports. Furnishers of information to consumer reporting agencies bear a substantial responsibility in providing accurate data, ensuring that their reporting is transparent, truthful, and respectful of consumers' rights. The FCRA provides a comprehensive framework of protections to shield consumers from the risks associated with erroneous credit reporting, balancing the need for legitimate credit reporting with consumers' rights to protect their reputations and financial well-being.

**ANSWER: Defendant denies the allegations of this paragraph.**

Under the FCRA, specifically 15 U.S.C. § 1681s-2(b), there is a clear obligation for furnishers of information, upon receiving notice of dispute from a consumer reporting agency, to conduct a reasonable investigation regarding the disputed information, review all relevant information provided by the consumer reporting agency, and report the results of the investigation to all consumer reporting agencies to which it provided the information. This provision is essential

in preventing the perpetuation of inaccurate or misleading information that could harm a consumer's credit reputation.

**ANSWER: Defendant denies the allegations of this paragraph.**

In the context of this litigation, it is alleged that the Defendant violated the FCRA by failing to properly investigate and correct disputed information after receiving notice from a consumer reporting agency. Such conduct can cause significant bann to consumers, including damage to their credit reputation, denial of credit opportunities, higher interest rates, emotional distress, and other forms of harm. The FCRA provides for remedies under 15 U.S.C. § 1681n and § 1681o, including actual damages, statutory damages, punitive damages, and attorney's fees, to hold furnishers accountable for violations.

**ANSWER: Defendant denies the allegations of this paragraph.**

To prevail, the plaintiff must demonstrate that the defendant received notice of a dispute from a consumer reporting agency, failed to conduct a reasonable investigation. or failed to correct inaccurate information following such investigation. The defendant must then provide evidence that their investigation was reasonable and in compliance with the FCRA. Failing to do so would confirm a violation of the FCRA, underscoring the importance of maintaining strict adherence to the statute to protect consumer rights and ensure the integrity of credit reporting practices.

**ANSWER: Defendant denies the allegations of this paragraph.**

In filing this lawsuit, the plaintiff claims that the Defendant has failed to uphold the FCRA by neglecting its responsibilities under 15 U.S.C. § 1681s-2(b) after receiving notice of dispute. This failure not only contravenes the clear statutory obligations of the FCRA but also undermines the law's primary goal of ensuring accuracy in credit reporting and protecting consumer rights. The plaintiff seeks to enforce their rights under the FCRA, hold the Defendant accountable for

their unlawful actions, and emphasize the necessity of strict compliance with the statute's provisions as essential for consumer protection and fairness in credit reporting.

**ANSWER: Defendant denies the allegations of this paragraph.**

## I. INTRODUCTION

1. This is a civil action brought by Plaintiff Michael A Williams an individual consumer (hereinafter Plaintiff), seeking actual, statutory damages, and costs against RESURGENT CAPITAL SERVICES L.P. and LVNV FUNDING LLC (hereinafter Defendants) for violations of the Fair Debt Collection Protection Act, 15 U. S.C § 1692 et seq. (hereinafter "FDCPA"), Illinois Collection Agency Act (hereinafter ICAA) 205 ILCS 740/9(a)(22), and the Fair Credit Reporting Act 15 U.S.C§ 1681 et seq (hereinafter FCRA).

**ANSWER: Defendant denies the allegations of this paragraph.**

2. All violations by the Defendant were knowing, willful, and intentional and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER: Defendant denies the allegations of this paragraph.**

3. Unless otherwise stated, the use of Defendants name in this Complaint includes all agents, employees, officers, members, managers, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant's named.

**ANSWER: Defendant denies the allegations of this paragraph.**

## II. JURISDICTION AND VENUE

4. The jurisdiction of this court arises under 28 U.S.C § 1331, Fair Debt Collection Protection Act, 1S U.S.C § 1692 et seq., Illinois Collection Agency Act, Fair Credit Reporting Act 15 U.S.C § 1681 et seq., and 15 U.S.C § 1692k(d). The venue is proper pursuant to 28 U.S.C. 1391(b)1) and 28 U.S.C. § 1391(b)2) because a substantial part of the events, omissions, or conduct giving rise

to Plaintiffs claim occurred in this judicial district, Plaintiff resides here, and Defendants transact business in, Chicago, IL.

**ANSWER: Defendant denies the allegations of this paragraph.**

5.  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367

**ANSWER: Defendant denies the allegations of this paragraph.**

### III.  <u>PARTIES</u>

6.  The Plaintiff, Michael A Williams is a natural person residing in Chicago, IL.

**ANSWER: Defendant admits Plaintiff is a natural person.  Defendant denies the remaining allegations of this paragraph.**

7.  The Plaintiff is a consumer and natural person, as defined by FDCPA 15 U.S.C. § 1692a(3) and the FCRA 15 U.S.C. § 1681a(b) and (c).

**ANSWER: Defendant admits Plaintiff is a natural person.  Defendant denies the remaining allegations of this paragraph.**

8.  The Plaintiff, Michael A Williams is a natural person under the term "person" defined by 205 ILCS 740/2.

**ANSWER: Defendant admits Plaintiff is a natural person.  Defendant denies the remaining allegations of this paragraph.**

9.  The Plaintiff is a "debtor" means a person from whom a collection agency seeks to collect a consumer debt that is alleged to be due and owing from such person defined by 205 ILCS 740/2.

**ANSWER: Defendant denies the allegations of this paragraph.**

10. The Defendants have transacted business within this state as is more fully set forth hereinafter in this complaint.

**ANSWER: Defendant denies the allegations of this paragraph.**

11. The Plaintiff alleged "debt" is defined by 15 U.S.C. § 1692a(5) that has arisen from a transaction primarily for personal, family, or household purposes.

**ANSWER: Defendant denies the allegations of this paragraph.**

12. The Plaintiff "consumer debt" or "consumer credit" means money or property, or their equivalent, alleged to be due or owing from a natural person by reason of a consumer credit transaction defined by 205 ILCS 740/2.

**ANSWER: Defendant denies the allegations of this paragraph.**

13. Based on available information, the Defendants is incorporated in Delaware. The Defendants accepts service of process through its registered agent ILLINOIS CORPORATION SERVICE COMPANY 801 Adlai Stevenson Drive Springfield, IL 62703-4261. RESURGENT CAPITAL SERVICES L.P. principal place of business is *55* Beattie Place STE 110 Greenville, SC 29601.LVNV FUNDING LLC principal place of business is 355 S Main Street, STE 300-D Greenville, SC 29601.

**ANSWER: Defendant denies the allegations of this paragraph.**

14. The Defendants are a "debt collector" who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect. directly or indirectly, debts owed or due or asserted to be owed or due another as defined by 15 U.S.C. § 1692a(6).

**ANSWER: Defendant denies the allegations of this paragraph.**

15. The Defendants are a "Collection agency" and "Debt buyer" means a person or entity that is engaged in the business of purchasing delinquent or charged-off consumer loans or consumer credit accounts or other delinquent consumer debt for collection purposes, whether it collects the

7

debt itself or hires a third-party for collection or an attorney-at-law for litigation in order to collect such debt as defined by 205 ILCS 740/2.

**ANSWER: Defendant denies the allegations of this paragraph.**

16. Upon information and belief, the Defendants are "furnishers" pursuant to the FCRA. Defendants are in the regular and ordinary course of business, furnish information regarding consumers' credit transactions or experiences to one or several consumer reporting agencies, pursuant to 15 U.S.C. § 1681s-2(b).

**ANSWER: Defendant denies the allegations of this paragraph.**

17. The acts of Defendants as mentioned in this Complaint were performed by Defendants or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendants" in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees. Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

**ANSWER: Defendant denies the allegations of this paragraph.**

18. **INCORRECTLY NUMBERED AS 24:** On information and belief, the Defendants has knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons on multiple occasions.

**ANSWER: Defendant denies the allegations of this paragraph.**

19. **INCORRECTLY NUMBERED AS 25:** The Plaintiff's injury is directly linked to the Defendant's actions, by continuing to report a debt as disputed that the Plaintiff no longer disputes, knowingly communicated credit information that was known to be false to consumer reporting agencies and third parties. The Defendant is directly linked to the invasion of the Plaintiff's privacy and the resulting in mental anguish and headaches.

**ANSWER: Defendant denies the allegations of this paragraph.**

20. **INCORRECTLY NUMBERED AS 26:** Discover will show that there were third parties that false credit information was communicated by the Defendants that the debt is disputed when the Plaintiff told the Defendants that he no longer disputes the debt. The Plaintiff has been pulling his Transunion consumer reports recently and the Defendants has not corrected the false information upon filing this claim.

**ANSWER: Defendant denies the allegations of this paragraph.**

21. **INCORRECTLY NUMBERED AS 27:** In contradiction to the aforementioned actions of the Defendant, it may assert a defense of Bona Fide Error, claiming that any alleged violation of the FDCPA, ICAA, and FCRA was the result ofa bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, pursuant to 15 U.S.C § 1692k(c). However, the continual nature of Defendant's violations and its persistence in attempting to collect the alleged debt and continuing to report a debt as disputed that the Plaintiff no longer disputes and has knowingly communicated credit information that was known to be false, strongly suggest a disregard for the FDCPA, ICAA, and FCRA rather than a bona fide error. The Plaintiff pulled his Transunion consumer report again on January 05, 2025, and the Defendants has once again failed to remove the disputed remark and continuing to report a debt as disputed that the Plaintiff no longer disputes and has knowingly communicated credit information that was known to be false.

**ANSWER: Defendant denies the allegations of this paragraph.**

22. **INCORRECTLY NUMBERED AS 28:** Discovery will reveal the actions of the Defendants, which lacked proper policies and procedures to ensure compliance with the FDCPA, ICAA, and FCRA proving the disregard for the law.

**ANSWER: Defendant denies the allegations of this paragraph.**

*REGARDING THE FAIR CREDIT REPORTING ACT (FCRA)*

23. **INCORRECTLY NUMBERED AS 29**: On March 18, 2025, the Plaintiff pulled his Transunion consumer reports (File number: 345292081 and noticed that the accounts were still inaccurate.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

24. **INCORRECTLY NUMBERED AS 30:** On or around April 08, 2025, Plaintiff sent a letter certified mail to Transunion stating that he wanted to remove the inaccurate dispute remark from accounts 37936302100 and 517805759027.

**ANSWER: Defendant denies the allegations of this paragraph.**

25. **INCORRECTLY NUMBERED AS 31:** On April 12, 2025, Plaintiff received notification from the U.S. Postal Service that Transunion had received his letter.

**ANSWER**: **Defendant denies the allegations of this paragraph**

26. **INCORRECTLY NUMBERED AS 32:** On May 16, 2025, Plaintiff received the reinvestigation results from Transunion that stated "Verified and Updated" with the dispute remarks still on both accounts.

**ANSWER: Defendant denies the allegations of this paragraph.**

## IV. FACTUAL ALLEGATION
## REGARDING THE FAIR DEBT COLLECTION PROTECTIONS ACT (FDCPA) & THE ICAA

27. **INCORRECTLY NUMBERED AS 18:** On or around January 23, 2023, the Plaintiff disputed with Transunion for the LVNV FUNDING LLC accounts 37936302100 and 517805759027 (hereinafter "accounts") for the first time via Consumer Financial Protection

Bureau and certified mail, which led to a dispute remark for both accounts on the Plaintiff's Transunion consumer report.

**ANSWER: Defendant denies the allegations of this paragraph.**

28. **INCORRECTLY NUMBERED AS 19:** On July 04, 2024, the Plaintiff pulled his consumer reports (File Number: 345292081) from Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

29. **INCORRECTLY NUMBERED AS 20:** In the Transunion consumer report the Plaintiff noticed that Defendants had marked the "LVNV FUNDING LLC" (as shown on the Transunion consumer report) accounts as disputed in the comment section.

**ANSWER: Defendant denies the allegations of this paragraph.**

30. **INCORRECTLY NUMBERED AS 21**: On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants stating that he wanted to remove the dispute remark from accounts 37936302100w and 517805759027.

**ANSWER: Defendant denies the allegations of this paragraph.**

31. **INCORRECTLY NUMBERED AS 22:** On July 25, 2024 Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

**ANSWER: Defendant denies the allegations of this paragraph.**

32. **INCORRECTLY NUMBERED AS 23:** On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the 37936302100 and 517805759027, The Defendants refuse to remove the inaccurate information from the Plaintiff's consumer report.

11

33. Upon this information and belief the Defendants failed to conduct a reasonable investigation according to the FCRA after receiving the dispute from the Plaintiff through the consumer reporting agency Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

34. The Defendants should have discovered the inaccurate information either from their own records and/or the Plaintiff's disputes. The Plaintiff repeatedly asked the Defendants to remove the inaccurate information from the accounts being reported on the Transunion, and the Defendants failed to do so.

**ANSWER: Defendant denies the allegations of this paragraph.**

35. The Defendants disregarded 15 U.S.C § 1681s-2(b) by: a Failing to conduct a reasonable investigation of Plaintiff's disputes as required by 1681s-2(b)1(A) after being notified of Plaintiff's disputes through an e-Oscar system by Transunion; b. Failing to review and consider all relevant information provided by the consumer reporting agencies as required by 1681s-2(b)(1)B, including letters sent certified mail by Plaintiff with his disputes; c. Failing to report the results of its investigation to the consumer reporting agencies as required by 1681s-2(b)1C), as evidenced by the continued reporting of inaccurate information; d. Failing to report the results of its investigation to all other consumer reporting agencies that had received the inaccurate information as required by 1681s-2(b)1(D), and e. Failing to modify, delete, or permanently block the reporting of inaccurate information after determining the information was inaccurate or could not be verified as required by 1681s-2(b)(1)(E), despite knowing that the Plaintiff repeatedly. requested the removal of inaccurate information from the accounts in his TransUnion consumer report.

**ANSWER: Defendant denies the allegations of this paragraph.**

36. When the Plaintiff sent his dispute letter to Transunion, Transunion processed it using a system known as 'e-Oscar' an automated platform commonly used by consumer reporting agencies and furnishers, including the Defendants. This system operates through standardized and uniform procedures across the industry.

**ANSWER: Defendant denies the allegations of this paragraph.**

37. Whenever a consumer reporting agencies receives a consumer dispute, it's generated into an Automated Credit Dispute Verification (ACDV) form.

**ANSWER: Defendant denies the allegations of this paragraph.**

38. The Defendants have selected to use the ACDV method when it comes to consumer disputed pursuant to 15 U.S.C § 168li(a).

**ANSWER: Defendant denies the allegations of this paragraph.**

39. There is no confusion that Transunion did or did not respond to the Plaintiff's dispute, since the Defendants "Verified and Updated" the accounts, which would allege that Transunion sent the Plaintiff's dispute to the Defendants using the ACDV.

**ANSWER: Defendant denies the allegations of this paragraph.**

40. The Defendants were fully aware of the content of the Plaintiff's dispute upon receiving the ACDV from Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

41. In spite of the above, the Defendants follow a standardized process that is inherently unlawful when handling ACDV disputes. The Plaintiff alleges that, rather than conducting a reasonable reinvestigation, the Defendants merely review their own internal records and respond through the ACDV system by reasserting the same information they initially reported to the consumer reporting agencies.

13

**ANSWER: Defendant denies the allegations of this paragraph.**

42. When the Defendants receive a consumer dispute via the e-Oscar system, they fail to conduct any proper review to assess the accuracy of the information contained in their own records.

**ANSWER: Defendant denies the allegations of this paragraph.**

43. A reasonable jury could conclude that, had the Defendants conducted a reasonable reinvestigation as required under the FCRA, it would have identified and corrected the inaccurate dispute remark-a relatively simple action that could have prevented further harm to the Plaintiff.

**ANSWER: Defendant denies the allegations of this paragraph.**

## V.   DAMAGES

*Fair Debt Collection Protection Act (FDCPA) & The ICAA*

44. Tho repeated reporting of the Plaintiff's personal credit information of false information communicated to third parties and/or persons by the Defendants, caused headaches, contributing to sleep disturbances and unease. The harm suffered by the Plaintiff is particularized and actual in that the Plaintiff has suffered an invasion of his privacy.

**ANSWER: Defendant denies the allegations of this paragraph.**

45. The Plaintiff has suffered an injury-in-fact due to the Defendants continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicating credit information. The Plaintiff suffered a real risk of financial harm caused by inaccurate and/or lower credit scores. This information was known to be false and disseminated to consumer reporting agencies, other creditors, and anyone who runs background or credit checks.

**ANSWER: Defendant denies the allegations of this paragraph.**

46. The Plaintiff has suffered loss of expenses in the cost of postage of sending mail to defend against the Defendants due to the Defendants continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to

14

be false to consumer reporting agencies. The harm suffered by the Plaintiff is particularized and actual.

**ANSWER: Defendant denies the allegations of this paragraph.**

47. Due to the stressfulness from the Defendants actions the Plaintiff had to speak with a Minister about his problem regarding the Defendants actions regarding this claim.

**ANSWER: Defendant denies the allegations of this paragraph.**

48. Specifically, on August 28, 2024, upon reviewing their Transunion consumer report, the Plaintiff experienced a headache after discovering that the Defendants continued to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies and third parties. This led the Plaintiff to buy headache relief medicine from Walgreens out of his own pocket to relieve his headache, that money could have been saved to pay off debt

**ANSWER: Defendant denies the allegations of this paragraph.**

49. Plaintiff has suffered actual damages as a result of these illegal collections and intimidation tactics by the Defendants in the form of personal embarrassment, loss of personal reputation, loss of productive time, loss of expenses in the cost of postage, nausea, the feeling of fear, hopelessness, anger, frustration, and emotional stress.

**ANSWER: Defendant denies the allegations of this paragraph.**

*DAMAGES: FAIR CREDIT REPORTING ACT (FCRA)*

50. As a result of the Defendants' failure to conduct a reasonable investigation and correct the inaccurate information as required under 15 U.S.C. § 1681s-2(b). the Plaintiff's creditworthiness has been adversely affected due to the continued reporting of inaccurate information to Transunion.

15

**ANSWER: Defendant denies the allegations of this paragraph.**

51. The Plaintiff's Transunion consumer report was disseminated to third parties and/or persons by the Defendants, causing headaches, contributing to sleep disturbances and unease. The harm suffered by the Plaintiff is particularized and actual in that the Plaintiff has suffered an invasion of his privacy.

**ANSWER: Defendant denies the allegations of this paragraph.**

52. The Plaintiff has suffered an injury-in-fact as a result of the Defendants' continued reporting of a debt as disputed-despite the Plaintiff having withdrawn the dispute-which constitutes the knowing communication of inaccurate credit information. In violation of 15 U.S.C. § 1681s-2(b), the Defendants failed to conduct a reasonable reinvestigation or update the information following notice of the Plaintiff's dispute. As a result, the Plaintiff faced a substantial and concrete risk of financial harm, including the adverse impact of inaccurate and/or artificially lowered credit scores. The inaccurate information was knowingly disseminated to consumer reporting agencies, potential creditors, and third parties conducting background or credit checks.

**ANSWER: Defendant denies the allegations of this paragraph.**

53. The Plaintiff has incurred out-of-pocket expenses, including the cost of postage and related efforts to dispute and correct the Defendants continued misreporting of a debt as disputed---despite the Plaintiff having withdrawn the dispute. In doing so, the Defendants knowingly reported inaccurate- information to consumer reporting agencies and failed to fulfill their obligations under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation and update the information accordingly. The harm suffered by the Plaintiff is concrete, particularized, and actual.

**ANSWER: Defendant denies the allegations of this paragraph.**

54. As a result of the emotional distress caused by the Defendants' actions, the Plaintiff sought counsel from a minister to discuss the issues arising from the Defendants' conduct in connection with this claim.

**ANSWER: Defendant denies the allegations of this paragraph.**

55. On May 16, 2025, upon reviewing the reinvestigation results from Transunion, Plaintiff discovered that Defendants continued to report the subject debt with a "disputed" status despite Plaintiff having formally notified Transunion in writing that the dispute had been withdrawn. This conduct constituted a willful violation of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act, as Defendants acted with reckless disregard for Plaintiff's statutory rights and with actual knowledge that continuing to report the "disputed" notation after receiving written notice of its withdrawal violated the FCRA's accuracy requirements. Defendants' deliberate indifference to their legal obligations under the FCRA demonstrates willful noncompliance, as they knowingly furnished inaccurate information to consumer reporting agencies despite having actual notice of Plaintiff's dispute. The stress and mental anguish caused by discovering this willful violation of Plaintiff's rights resulted in a severe headache, requiring Plaintiff to purchase over-the-counter medication from Walgreens again at a cost of§5.92-an out-of-pocket expense that could otherwise have been applied toward debt obligations.

**ANSWER: Defendant denies the allegations of this paragraph.**

56. The Plaintiff has sustained actual damages as a direct result of the Defendants' unlawful practices and intimidation tactics. These damages include personal embarrassment, hann to reputation, lost productive time, out-of-pocket expenses such as postage costs, as well as physical and emotional distress manifesting as nausea, fear, hopelessness, anger, frustration, and ongoing emotional stress.

**ANSWER: Defendant denies the allegations of this paragraph.**

## COUNT II VIOLATION OF THE FDCPA
## (DEFENDANTS RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING LLC)
## 15 U.S.C. § 1692e(8)

57. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

58. On July 04, 2024, the Plaintiff pulled his consumer reports (File Number: 345292081) from Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

59. In the Transunion consumer report the Plaintiff noticed that Defendants has marked the LVNV FUNDING LLC accounts (as shown on the Transunion consumer report) accounts as disputed in the remark section.

**ANSWER: Defendant denies the allegations of this paragraph.**

60. On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants stating that he wanted to remove the dispute remark from the accounts 37936302100 and 517805759027.

**ANSWER: Defendant denies the allegations of this paragraph.**

61. On July 25, 2024, Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

**ANSWER: Defendant denies the allegations of this paragraph.**

62. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants

had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

**ANSWER: Defendant denies the allegations of this paragraph.**

63. The Defendants has knowingly communicated credit information that was known to be false and/or inaccurate to consumer reporting agencies on multiple occasions to third parties, and persons.

**ANSWER: Defendant denies the allegations of this paragraph.**

64. The Defendants violated 15 U.S.C. § 1692e(8) when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**ANSWER: Defendant denies the allegations of this paragraph.**

65. The Defendants violated 15 U.S.C. § 1692e(8) when it among other qualifying actions and omissions, willfully communicated credit information which it knew to be false.

## COUNT II VIOLATION OF THE ICAA (Illinois Collection Agency Act) (DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC) 205 ILCS 740/9(a)(22)

66. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

67. On July 04, 2024, the Plaintiff pulled his consumer reports (File Number. 345292081) from Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

19

68. In the Transunion consumer report the Plaintiff noticed that Defendants has marked the LVNV FUNDING LLC accounts (as shown on the Transunion consumer report) accounts as disputed in the remark section.

**ANSWER: Defendant denies the allegations of this paragraph.**

69. On or about July 20, 2024, the Plaintiff sent a letter certified mail to the Defendants stating that he wanted to remove the dispute remark from the accounts 37936302100 and 517805759027.

**ANSWER: Defendant denies the allegations of this paragraph.**

70. On July 25, 2024, Plaintiff received notification from the U.S. Postal Service that the Defendants had received his letter.

**ANSWER: Defendant denies the allegations of this paragraph.**

71. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

**ANSWER: Defendant denies the allegations of this paragraph.**

72. The Defendants has knowingly communicated credit information that was known to be false and/or inaccurate to consumer reporting agencies on multiple occasions to third parties, end persons.

**ANSWER: Defendant denies the allegations of this paragraph.**

73. The Defendants violated 205 ILCS 740/9(a)(22) by Disclosing or threatening to disclose information concerning the existence of debt which the collection agency knows to be disputed by the debtor without disclosing the fact that the debtor disputes the debt.

**ANSWER: Defendant denies the allegations of this paragraph.**

20

74. The Defendants violated 205 ILCS 740/9(a)(22) when it among other qualifying actions and omissions, willfully communicated credit information which it knew to be false.

**ANSWER: Defendant denies the allegations of this paragraph.**

75. The Plaintiff is entitled to any actual damages and violation of 205 ILCS 740/9(a)(22) pursuant to 205 ILCS 740/60.

**ANSWER: Defendant denies the allegations of this paragraph.**

**COUNT III INVASIONOFPRIVACY- INTRUSION UPON SECLUSION (DEFENDANTS RESURGENT CAPITAL SERVICES L.P.,LVNV FUNDING LLC)**

76. The Defendants intruded upon the Plaintiffs privacy by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons.

**ANSWER: Defendant denies the allegations of this paragraph.**

77. Plaintiff suffered actual damages of invasion of privacy as a result of the Defendant's intrusion.

**ANSWER: Defendant denies the allegations of this paragraph.**

78. The privacy rights of an Illinois citizens, as protected by both common law and statutory, and it's invasion is unconscionable.

**ANSWER: Defendant denies the allegations of this paragraph.**

79. At all times pertinent and relevant to the incidents described in this complaint, MICHAEL A WILLIAMS had a right to privacy guaranteed by the Constitution of the State of Illinois and its statutory and common law.

**ANSWER: Defendant denies the allegations of this paragraph.**

80. On August 28, 2024, the Plaintiff opened and reviewed his Transunion consumer report. Upon inspection, the Plaintiff observed the Transunion consumer report, in which the Defendants

21

had failed to remove the disputed remark from the accounts on the Plaintiff's Transunion consumer report and continued to report a debt as disputed that the Plaintiff no longer disputes.

**ANSWER: Defendant denies the allegations of this paragraph.**

81. Defendant's intrusion upon Plaintiff's seclusion by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons. This is offensive and objectionable to a reasonable person concerning this matter.

**ANSWER: Defendant denies the allegations of this paragraph.**

82. As a result of the preceding, Defendants have invaded MICHAEL A WILLIAMS'S privacy and caused actual damages by continuing to report a debt as disputed that the Plaintiff no longer disputes and knowingly communicated credit information that was known to be false to consumer reporting agencies, third parties, and persons.

**ANSWER: Defendant denies the allegations of this paragraph.**

<u>**COUNT IV-VIOLATION OF THE FCRA**</u>
<u>**(DEFENDANTS RESURGENT CAPITAL SERVICES L.P., LVNV FUNDING LLC)**</u>
<u>**15 U.S.C§ 1681s-2(b)(1)(A)**</u>

83. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

84. The FCRA requires that "After receiving notice of dispute with regard to completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall conduct an investigation with respect to the disputed information." 15 U.S.C. § 1681s-2(b)(1(A).

22

**ANSWER: Defendant denies the allegations of this paragraph.**

85.  It is clear that the Defendants failed to conduct a thorough and reasonable investigation of the Plaintiff's dispute, as required under 15 U.S.C. § 1681s-2(b)1)(A), after receiving notice of the dispute from Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

86. The Defendants violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to conduct a reasonable investigation into the disputed information.

**ANSWER: Defendant denies the allegations of this paragraph.**

87. Due to the Defendants' violation of 15 U.S.C. § 1681s-2(b)(l)(A), the Plaintiff has suffered damages, including harm to his credit standing, emotional distress, headaches, and both mental/physical suffering.

**ANSWER: Defendant denies the allegations of this paragraph.**

88. The Defendants conduct was carried out intentionally, willfully, and with negligent.

**ANSWER: Defendant denies the allegations of this paragraph.**

89. The Defendants' actions were both a direct and foreseeable cause, as well as a real factor, in bringing about the serious harm, injuries, and damages suffered by the Plaintiff, as detailed more fully above.

**ANSWER: Defendant denies the allegations of this paragraph.**

90. The Defendants willful violation of the FCRA subjects them to punitive damages under 15U.S.C § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**ANSWER: Defendant denies the allegations of this paragraph.**

91. Pursuant to *15* U.S.C. §§ 1681n and 16810, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

**ANSWER: Defendant denies the allegations of this paragraph.**

<u>**COUNT V - VIOLATION OE THE FCRA**</u>
<u>**(DEFENDANTS RESURGENT CAPITAL SERVICES L.P.,LVNV FUNDING LLC)**</u>
<u>**15 U.S.C § 1681s-2(b)(l)(B)**</u>

92. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

93. Defendants violated 15 U.S.C. §§ 1681s-2(b)(l)(B) by failing to consider all relevant information forwarded to them by the consumer reporting agency Transunion.

**ANSWER: Defendant denies the allegations of this paragraph.**

94. The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(1)B), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

**ANSWER: Defendant denies the allegations of this paragraph.**

95. The Defendants conduct was carried out intentionally, willfully, and with negligent.

**ANSWER: Defendant denies the allegations of this paragraph.**

96. The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**ANSWER: Defendant denies the allegations of this paragraph.**

97. Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

**ANSWER: Defendant denies the allegations of this paragraph.**

**COUNT VI VIOLATION OF THE FCRA**
**(DEFENDANTS RESURGENT CAPITAL SERVICES L.PR. , LVNVFUNDING LLC)**
**15 U.S.C § 1681s-2(b)(l)(C)**

98. The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

99. Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(C) by failing to report accurate information to the consumer reporting agency after dispute.

**ANSWER: Defendant denies the allegations of this paragraph.**

100. The results of the Defendants violation of 15 U.S.C. §§ 1681s-2b)(1)(C), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

**ANSWER: Defendant denies the allegations of this paragraph.**

101. The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 16810.

**ANSWER: Defendant denies the allegations of this paragraph.**

25

102.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

**COUNT VII VIOLATION OF THE FCRA**
**(DEFENDANTS RESURGENT CAPITAL SERVICES L.P. , LVNV FUNDING LLC)**
**15 U.S.C § 1681s-2(b)(1)(D)**

103.     The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint.

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

104.     Defendants violated 15 U.S.C. §§ 1681s-2(b)(1)(D) by failing to report accurate information to consumer reporting agencies after dispute, including Transunion and other consumer reporting agencies known or unknown.

**ANSWER: Defendant denies the allegations of this paragraph.**

105.     The results of the Defendants violation of 15 U.S.C. §§ 1681s-2(b)(l){D}. the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

**ANSWER: Defendant denies the allegations of this paragraph.**

106.     The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. §1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**ANSWER: Defendant denies the allegations of this paragraph.**

107.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

**ANSWER: Defendant denies the allegations of this paragraph.**

### COUNT VIII VIOLATION OF THE FCRA
### (DEFENDANTS RESURGENT CAPITAL SERVICES L.P.,LVNV FUNDING LLC)
### 15 U.S.C § 1681s-2(b)(l)(E)

108.     The Plaintiff re-alleges, all of the above paragraphs of this complaint as fully articulated within this complaint

**ANSWER: Defendant restates and incorporates all of its response to the above-mentioned paragraphs as its responses to those same re-alleged paragraphs of the complaint for this count.**

109.     Section 15 U.S.C. §§ 1681s-2(b)1)E) of the FCRA provides that if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after an reinvestigation. for purpose of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify that item of information; delete that item of information; or permanently block that item of information.

**ANSWER: Defendant denies the allegations of this paragraph.**

110.     Defendants failed to properly correct, update, or remove Plaintiff's information after receiving Plaintiff's disputes from TransUnion, in violation of 15 U.S.C. § 1681 s-2(b)( I )(E).

**ANSWER: Defendant denies the allegations of this paragraph.**

111.     Defendants failed to remove the disputed remark from TransUnion, which is materially inaccurate information.

**ANSWER: Defendant denies the allegations of this paragraph.**

27

112.     The results of the Defendants violation of 15 U.S.C. §§ 168ls-2(b)(l)(E), the Plaintiff suffered actual damages, including but not limited to damage to credit reputation, emotional stress, headaches, and both mental/physical suffering.

**ANSWER: Defendant denies the allegations of this paragraph.**

113.     The Defendants' actions were both a direct and foreseeable cause, as well as a real factor, in bringing about the serious harm, injuries, and damages suffered by the Plaintiff, as detailed more fully above.

**ANSWER: Defendant denies the allegations of this paragraph.**

114.     The Defendants conduct was carried out intentionally, willfully, and with negligent.

**ANSWER: Defendant denies the allegations of this paragraph.**

115.     The Defendants willful violation of the FCRA subjects them to punitive damages under 15 U.S.C. § 1681n. In the event the Defendants was negligent, the Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**ANSWER: Defendant denies the allegations of this paragraph.**

116.     Pursuant to 15 U.S.C. 5 1681n and 1681o, the Plaintiff seeks recovery of actual damages, statutory damages, punitive damages, and as well costs and attorney's fees from Defendants.

**ANSWER: Defendant denies the allegations of this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, LVNV FUNDING LLC, by and through its counsel, Barron & Newburger, P.C., states as follows for its affirmative defenses to Plaintiff's Complaint:

1.     Plaintiff lacks a private cause of action for his claim under the Illinois Collection Agency Act. *Shekar v. Ocwen Loan Servs., LLC*, 2019 U.S. Dist. LEXIS 195672, *8 (N.D. Ill.

2019) (collecting cases).

2.      Plaintiff's common law tort claim of intrusion upon seclusion is expressly preempted by the Fair Credit Reporting Act. 15 U.S.C. § 1681h(e) (express preemption of state law negligence and invasion of privacy claims); see also *Johnson v. Trans Union, LLC*, 2012 U.S. Dist. LEXIS 38747, 2012 WL 983793, at *9 (N.D. Ill. 2012), aff'd, 524 F. App'x 268 (7th Cir. 2013).

3.      Plaintiff's claims under the FDCPA fail because the alleged statement or representation about Plaintiff's account is not material.  There can be no claim under the FDCPA for an alleged statement that is immaterial.  See, e.g., *Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012); see *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 627-28 (7th Cir. 2009); *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009).

4.      Plaintiff's claims are barred in whole or part because he lacks Article III standing. Plaintiff has stated no concrete injury. Plaintiff does not have a concrete injury to satisfy Article III's concrete injury requirement.

5.      Plaintiff's claims are barred in whole or part by the doctrines of waiver, estoppel, and/or unclean hands.

6.      Plaintiff's claims fail to the extent they are barred by the applicable statutes of limitation.

7.      Plaintiff's claims fail to the extent they are barred, in whole or in part, because Plaintiff has failed to mitigate damages, if any.

8.      Plaintiff's claims are barred by laches.

9.      Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff.  Defendant may possess certain arbitration rights based on one or

29

more contracts entered into by Plaintiff.

10.     Any ultimate technical violation of statute shown herein, to the extent that Plaintiff ultimately shows same, would have been unintentional and resulted from a good faith and bona fide error on the part of these Defendants, in spite of the maintenance of policies and procedures in place to avoid such errors, so that this defendant cannot be held liable under Plaintiff's complaint. Defendant affirmatively states that any violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case.

## **<u>RESERVATION OF RIGHTS</u>**

Defendant reserves all affirmative defenses under the Federal Rules of Civil Procedure and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigation concerning this case.

WHEREFORE, Defendant LVNV FUNDING LLC respectfully requests that the Court enter judgment in its favor and award it its attorneys' fees and costs in defending this action, along with any other relief the Court deems just and equitable.

Respectfully submitted,
BARRON & NEWBURGER, PC

*/s/ Nabil G. Foster*
Nabil G. Foster

Nabil G. Foster
Alyssa A. Johnson
BARRON & NEWBURGER, PC
53 W. Jackson Blvd. Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203
nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com

30

## CERTIFICATE OF SERVICE

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **DEFENDANT'S ANSWER TO COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 229-9203, or electronically via email or the Case Management/Electronic Case Filing System ("CM/ECF") as indicated, on **February 20, 2026**, to the following individuals:

| | | |
|---|---|---|
| X | CM/ECF | *Pro-Se* Plaintiff(s) |
| ___ | Facsimile | Michael A. Williams |
| ___ | Federal Express | 1130 S Canal #1240 |
| ___ | E-Mail | Chicago, IL 60607 |
| ___ | U.S. Mail (before 5 p.m.) | Phone: 312-841-9560 |
| ___ | Messenger (before 4 p.m.) | Email: mikewill217@yahoo.com |

Nabil G. Foster                         _/s/ Nabil G. Foster_

Alyssa A. Johnson                   Nabil G. Foster

BARRON & NEWBURGER, PC      One of the Attorneys for Defendants

53 W. Jackson Blvd. Suite 1205

Chicago, IL 60604

Telephone: 312-767-5750

Facsimile: 312-229-9203

nfoster@bn-lawyers.com

ajohnson@bn-lawyers.com

31