**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL A. WILLIAMS,<br>　　　　Plaintiff, | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. 1:25-cv-10001<br>) |
| RESURGENT CAPITAL SERVICES L.P. ,<br>LVNV FUNDING LLC<br>　　　　Defendants, | ) Judge: Franklin U. Valderrama<br>)<br>)<br>) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f) on March 9, 20226 via telephone and was attended by:

**Michael A Williams**, Pro se Plaintiff
**Nabil G. Foster**, one of the Attorneys for Defendants

The Parties jointly submit the following discovery plan. See Fed. R. Civ. P. 26(f)(2); Fed. R. Civ.P. 26(f)(3); Fed. R. Civ. P. 16(b).

The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." See Fed. R. Civ. P.16(b)(4).

**I. Nature of the Case**
　　　A.　　Plaintiff, Michael A Williams, proceeding pro se

　　　　　Counsel for Defendants, Nabil G. Foster as lead counsel & Alyssa A. Johnson as counsel

　　　B.　　The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under:
- The Fair Debt Collection Practices (FDCPA) 15 U.S.C. § 1692 et. seq.
- The Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681 et seq.

The Court also may have supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367, including claims under the Illinois Collection Agency Act, 205 ILCS 740/9(a)(22), and common law invasion of privacy.

Venue is proper in the district pursuant to 28 U.S.C. § 1391(b) because of substantial part of the events are alleged to have occurred in this district, and Plaintiff resides in this district.

1

**C.**      This case arises from Defendants' reporting of allegedly inaccurate credit information concerning the Plaintiff. The Plaintiff alleges that the Defendants communicated false credit information and continued reporting certain accounts as "disputed" on Plaintiff's consumer report even after the Plaintiff notified Defendants by certified mail that he no longer disputed the accounts.  Plaintiff also alleges that the Defendants failed to conduct a reasonable investigation after receiving notice of a dispute from a consumer reporting agency. Plaintiff contends that actions violated the FDCPA, the FCRA, and the Illinois Collection Agency Act. Plaintiff seeks statutory damages, actual damages, and other relief

**D.**      Plaintiff asserts the following claims:
- Violation of FDCPA (15  U.S.C. § 1692e(8))
- Violation of the Illinois Collection Agency Act (205 ILCS 740/9(a)(22))
- Invasion of Privacy - Intrusion upon Seclusion
- Violation of FCRA (15  U.S.C. § 1681s-2(b)), including subsections:
    - (A) failure to conduct a reasonable investigation
    - (B) failure to review relevant information
    - (C) failure to report accurate investigation results
    - (D) failure to report results to other consumer reporting agencies
    - (E) failure to modify or delete inaccurate information

Defendants deny the allegations for the above claims.

**E.**      The principal factual issues include:
- Whether Defendants continued reporting Plaintiff's account as "disputed" after Plaintiff requested removal of the dispute remark.
- Whether Defendants received Plaintiff's correspondence requesting the removal of the dispute remark
- Whether Defendants received notice of Plaintiff's dispute from the consumer reporting agency.
- Whether Defendants conducted a reasonable investigation under the FCRA.
- Whether Defendants communicated inaccurate credit information to consumer reporting agencies.
- The nature and extent of Plaintiff's damages resulting from Defendants' conduct.

**F.**      The principal legal issues include:
- Whether Defendants violated 15  U.S.C. § 1692e(8) by communicating credit information known to be false.
- Whether Defendants violated 15  U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of dispute.
- Whether Defendants violated the Illinois Collection Agency Act.
- Whether Defendants' conduct constitutes an intrusion upon seclusion under Illinois law.
- Whether Plaintiff is entitled to statutory, actual, and punitive damages.

**G.**     Plaintiff seeks:
- Statutory damages under the FDCPA
- Actual damages
- Statutory damages, actual damages, and punitive damages under the FCRA
- Damages under the Illinois Collection Agency Act
- Damages of invasion of Privacy
- Costs of suit
- Relief requiring deletion of accounts and waiver of debt

Plaintiff estimates damages in excess of $10,000, including statutory, actual, and punitive damages.

**H.**     All Defendants have been served.

## II. Discovery
**A.**

| Event | Deadline |
|---|---|
| Initial Discovery Responses | March 27, 2026 |
| Amend Pleadings | May 29, 2026 |
| Service on John Doe | N/A |
| Completion of Fact Discovery | October 30, 2026 |
| Plaintiff Expert Disclosure | December 4, 2026 |
| Plaintiff Expert Deposition | January 29, 2027 |
| Defendant Expert Disclosure | February 5, 2027 |
| Defendant Expert Deposition | March 8, 2027 |
| Dispositive Motions | April 9, 2027 |

**B.**     The parties currently anticipate 2 depositions by Plaintiff and 2 depositions by Defendants.

**C.**     At this time, the parties do not anticipate unusual discovery issues, although discovery may involve:
- Credit reporting records
- e-OSCAR/ACDV communications
- Internal investigation procedures
- Consumer dispute records
- Letters
- Certified mail return slips

3

- Account statements
- Purchase receipts

Discovery will likely include Defendants' Policies, procedures, and training materials regarding the handling of consumer disputes, credit reporting practices, and the investigation of disputes received through the e-OSCAR/ACDV system. Discovery may also include communications between Defendants and consumer reporting agencies regarding Plaintiff's accounts.

The parties tend to seek written discovery in the form Interrogatories, Requests for Production, and Requests for Admissions as permitted by the Federal Rules of Civil Procedure.

The parties anticipate the need for a protective order to maintain the confidentiality of certain information and documents. The parties will use the model confidentiality order from Local Rule 26.2 to prepare and submit a confidentiality order for this Court's consideration and entry.

**D.**     The parties have discussed the discovery plan required under Rule 26(f) and will proceed in accordance with the Federal Rules of Civil Procedure.

The parties currently do not propose modifications to the standard discovery rules.

### III. Trial
**A.**     Plaintiff demanded a jury trial.
**B.**     The parties estimate the trial will last 2-3 days.

### IV. Settlement

    **A.** Settlement discussion has taken place between the parties. Plaintiff previously made a written settlement demand. At this time, the matter has not been resolved. Defendants have requested some information from Plaintiff about his claims and will respond to the settlement demand.

    **B.** The parties may be open to a settlement conference before a Magistrate Judge

**C.** The parties have been informed of the option to consent to jurisdiction of the Magistrate Judge. Neither party consents at this time.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Plaintiff, pro-se | Counsel for Defendants |
| | |
| | BARRON & NEWBURGER, P.C. |
| | |
| Michael A Williams (with consent) | */s/ Alyssa A. Johnson* |
| | |
| Michael A Williams | Nabil G. Foster |
| 1130 S Canal #1240 | Alyssa A. Johnson |
| Chicago, IL 60607 | BARRON & NEWBURGER, P.C. |
| 312- 841-9560 | 333 West Brown Deer Road, G-365 |
| mikewill217@yahoo.com | Milwaukee, WI 53217 |
| | Telephone: 262-272-1820 |

BARRON & NEWBURGER, P.C.
53 W. Jackson Blvd., Suite 1205
Chicago, IL 60604
Telephone: 312-767-5750
Facsimile: 312-229-9203

Email: nfoster@bn-lawyers.com
           ajohnson@bn-lawyers.com